## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **HAROLD DEWAYNE FERGUSON,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-0200-Y |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

#### B. PARTIES

Petitioner Harold Dewayne Ferguson, TDCJ #650301, is a mandatory-supervision releasee in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, for purposes of this action. He currently resides in Springtown, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. PROCEDURAL HISTORY

Ferguson is in custody of the TDCJ pursuant to two 1993 convictions in Case No. 10,243-B (Taylor County, Texas) and Case No. 9636 (Palo Pinto County, Texas). He was released to mandatory supervision on January 11, 2006. (Mandatory Supervision Records.) By way of this petition, Ferguson seeks release from mandatory supervision and discharge of his sentences because his flat, work and good time total his sentence(s). (Petition at 7.) He filed this federal petition for habeas relief on March 20, 2006.[1] Dretke has filed an answer supported by a brief and documentary exhibits, to which Ferguson has not timely replied.

D. RULE 5 STATEMENT

Among other things, Dretke asserts that Ferguson has failed to exhaust his state court remedies as to the claims presented in this federal petition. (Resp't Answer at 2.) *See* 28 U.S.C. § 2254(b)(1)-(2).

E. EXHAUSTION OF REMEDIES IN STATE COURT

Applicant's seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v. Texas*,

---

[1] Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998). Ferguson does not however indicate on his petition the date he placed the petition in the prison's mailing system.

[2] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

(continued...)

169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999); *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claim in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Under the circumstances of this case, Ferguson may satisfy the exhaustion requirement by presenting both the factual and legal basis for his claim in a state habeas application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. *See also Ex Parte Bates*, 978 S.W.2d 575, 576-77 (Tex. Crim. App. 1998).

The record does not reflect that Ferguson has exhausted his state court remedies in a procedurally correct manner with respect to the claim presented. Ferguson does not allege and there is no indication in the record indicates that he has filed an article 11.07 state habeas application in

---

[2](...continued)

    (B)(i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
    . . .

  (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

state court. Ferguson must initiate and complete state habeas review under article 11.07 before he may raise his claim in this court by way of a federal petition pursuant to 28 U.S.C. § 2254.[3] *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Ferguson, he cannot now proceed in this court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Ferguson can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II.  RECOMMENDATION

It is therefore recommended that Ferguson's petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

---

[3]If applicable, Ferguson must also exhaust state administrative remedies before seeking federal habeas corpus relief. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004) (requiring Texas inmates to pursue time-credit complaints through a dispute resolution process within the prison system before raising such a claim in state habeas application).

4

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 8, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 8, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 18, 2006.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

5